**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **N.J., L.J., K.J., and T.J.**

**No. 22-0450** (Randolph County 21-JA-53, 21-JA-54, 21-JA-55, and 21-JA-87)

**MEMORANDUM DECISION**

Petitioner Father M.J.[1] appeals the Circuit Court of Randolph County's May 12, 2022, order terminating his parental rights to N.J., L.J., K.J., and T.J.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

The proceedings below were initiated in July of 2021, when the DHHR filed the first of several abuse and neglect petitions involving petitioner and his children. The court held several adjudicatory hearings over many months, ultimately resulting in petitioner's adjudication upon his written stipulation that he had failed to protect N.J., L.J., and K.J. from conditions in the home, including intravenous drug use. At a subsequent adjudicatory hearing, petitioner testified and admitted to having no relationship with T.J., leading the court to adjudicate him for abandoning that child. The court also adjudicated petitioner for perpetrating domestic violence against multiple individuals, including L.J. and petitioner's stepfather. According to the evidence, L.J. and N.J. disclosed that petitioner punched L.J. in the face and threw his stepfather into a fireplace when the stepfather attempted to protect L.J. from petitioner's physical attack. Additionally, two of petitioner's partners disclosed that petitioner was physically abusive during their respective relationships. Petitioner's parental rights to the children were terminated following a dispositional hearing in May of 2022, and petitioner appeals.[3]

---

[1]Petitioner appears by counsel J. Brent Easton. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Lee Niezgoda. Heather M. Weese appears as the child's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3]All of the children's parents' parental rights were terminated below. N.J. has reached the age of majority. The permanency plans for L.J. and T.J. are adoption, while the permanency plan for K.J. is legal guardianship. Because petitioner does not challenge his adjudication on the basis

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, petitioner only challenges the circuit court's ruling adjudicating him as abusive on the basis of his commission of domestic violence. He does not challenge his adjudication of neglecting N.J., L.J., and K.J. based upon his written stipulation, nor does he challenge his adjudication as to T.J. based on abandonment. Accordingly, it is unnecessary to address petitioner's specific challenges to his adjudication for domestic violence or the introduction of certain evidence in support of that issue because even assuming, arguendo, that we believed petitioner was correct, he would still be entitled to no relief. Pursuant to West Virginia Code § 49-4-601(i), "[a]t the conclusion of the adjudicatory hearing, the court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether the child is abused or neglected and whether the respondent is abusing [or] neglecting." The statute further requires that "[t]he findings must be based upon conditions existing at the time of the filing of the petition and proven by clear and convincing evidence." *Id.* Here, the court made the necessary findings based upon petitioner's express stipulation to neglecting three of the children and his admission to abandoning the fourth. As such, we find that the court had clear and convincing evidence upon which to properly adjudicate petitioner in regard to all of the children. Accordingly, petitioner is entitled to no relief.

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 12, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: April 25, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

of neglect or abandonment, and does not assert error regarding the ultimate termination of his parental rights, it is unnecessary to belabor the procedural history of these proceedings.